**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **COURTNEY BOYD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:06-CV-511-WKW** |
| **JOSEPH WHITEHEAD, ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## SPECIAL REPORT

COMES NOW the Defendant, **Joseph Whitehead**, by and through undersigned counsel, and in accordance with this Honorable Court's June 14, 2006 Order, offers the following written report.

## PARTIES

1. The Plaintiff, Courtney Boyd, is an inmate of the Alabama Prison System.

2. Defendant Joseph Whitehead is a Correctional Officer I for the Alabama Department of Corrections and is currently assigned to Easterling Correctional Facility in Clio, Alabama.

3. The remaining defendants are employed by Prison Health Services who has contracted with the Alabama Department of Corrections to provide medical care to Alabama's inmates.

## EXHIBIT

EXHIBIT 1 – Affidavit of Joseph Whitehead.

1

## PLAINTIFF'S CLAIMS

Plaintiff claims that he has been denied adequate medical care for his back. While Plaintiff's claims against Officer Whitehead are extremely vague, it appears that Plaintiff is attempting to assert that Officer Whitehead somehow delayed Plaintiff's ability to receive medical attention. Plaintiff does not explain how this deprived him of any constitutional right.

## DEFENDANT'S RESPONSE

1.  This Defendant denies that he violated the Plaintiff's constitutional rights.

2.  This Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3.  The Plaintiff has failed to state a claim upon which relief may be granted.

4.  This Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

5.  This Defendant is immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On June 11, 2006, Officer Whitehead was assigned to Dorm 6 as the Cubicle Officer. At approximately 8:00 pm, inmate Courtney Boyd told Officer Whitehead that he was suffering from back pain and requested to go to the Health Care Unit for help. At 8:15 pm, Officer Whitehead called Plaintiff to the Dorm Cubicle and advised him that he had spoken with Nurse Johnson at the Health Care Unit, and that Plaintiff would need to sign up for sick call so he could be seen by a doctor. That is the entirety of Officer Whitehead's involvement in this situation. See, Exhibit 1.

2

## ARGUMENT

Plaintiff claims that Officer Whitehead, as well as the medical defendants, failed to provide him with adequate medical care. The gist of Plaintiff's inadequate medical-treatment claim is that the DOC Defendants have refused to insure that he received proper treatment for certain back problems, and that this is being done in retaliation for filing a lawsuit. Plaintiff alleges, without the support of any admissible medical evidence, that all of his problems are due to the inadequate and/or improper treatment of Plaintiff's back condition. There is no basis beyond mere conclusory assertions that Officer Whitehead deliberately denied Plaintiff the right to seek medical attention for his condition or that Officer Whitehead possesses the requisite knowledge to question or overrule the opinion of a licensed physician with regard to Plaintiff's medical conditions.

To properly allege a constitutional violation based on failure to provide adequate medical care, a detainee "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978. A "serious medical condition" is an objectively serious medical need that, if left unattended, poses a serious risk of harm. *Taylor v. Adams,* 221 F.3d 1254 (11th Cir.2000). The condition

must have either been diagnosed by a physician as mandating treatment or be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176 (11th Cir.1994).

The Eighth Amendment "does not authorize judicial reconsideration of every governmental action affecting the interests or well-being of a prisoner." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Miller v. King,* 384 F.3d 1248, 1260 (11th Cir.2004) (internal quotations omitted) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003).  To demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Miller,* 384 F.3d at 1261. Under the objective inquiry, he must prove that he was denied the "minimal civilized measure of life's necessities." *Id.* (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir.2004)). The condition challenged must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90. Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.  Plaintiff in this case can satisfy neither the objective inquiry nor the subjective inquiry.

The allegations made by Plaintiff in the case at bar simply do not rise to the level required by law to maintain an action.  The only time the Plaintiff requested Officer

Whitehead provide him with medical attention, the procedure for receipt of that treatment was given to Plaintiff and that request was granted. Plaintiff further admits in his amended Complaint on page 1 that after he put Officer Whitehead on notice that he needed attention, that Officer Whitehead contacted the HCU, and eventually Plaintiff got treatment. His only argument appears to be that treatment by the HCU took too long. There is nothing to suggest that Officer Whitehead was *both* aware of facts from which the inference could be drawn that a substantial risk of serious harm existed to Plaintiff, and that Officer Whitehead drew that inference. To the contrary, the only evidence regarding Officer Whitehead's knowledge is that he contacted HCU as Plaintiff requested. Plaintiff simply cannot meet his burden for bringing this type of action.

Plaintiff cannot establish that Officer Whitehead was deliberately indifferent to Plaintiff's medical needs. Officer Whitehead did not make any decisions regarding the proper medical treatment for Plaintiff, and did not intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for Plaintiff. In addition, Plaintiff has never been denied medical care. The gravamen of Plaintiff's complaint is that he was negligently treated.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' " and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfering with prescribed treatment, or by prison doctors responding indifferently to a prisoner's medical needs. *Estelle,* 429 U.S. at 104-05. However, "an inadvertent failure to provide adequate

medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.*'* ***Thus, a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment***. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 105-06. (emphasis added).

The Supreme Court in *Estelle* considered that the inmate plaintiff had been seen by medical personnel numerous times and that he had received treatment. *Id.* at 107. The Court, after considering the inmate's claim that other testing or treatment that had been warranted by his condition was not performed or prescribed, determined that the possibility that other tests or treatment might have been advisable in a certain situation was "[a]t most ... medical malpractice." *Id.* The court stated that "[a] medical decision not to order [certain treatment] does not represent cruel and unusual punishment." *Id.*

Like the inmate in *Estelle,* Plaintiff has undisputedly received medical care for his complaints. Even assuming that the medical care provided to Plaintiff has been negligent, which this Defendant certainly does not have a competent opinion on, and in any event does not believe, no constitutional claim arises. None of Plaintiff's allegations rises to the level necessary to state a constitutional claim of deliberate indifference to Plaintiff's medical needs.

Further, "[t]he State of Alabama, its agencies, and its officials acting in their official capacities are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983." *State Dep't of Pub. Safety v. Sexton,* 748 So.2d 200 (Ala. Civ.

6

App. 1998) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)). Therefore, Plaintiff's claims for

damages from the DOC employees under any § 1983 claim are prohibited by law.

This case should also be dismissed against Officer Whitehead because he is

immune from suit. The Eleventh Amendment to the United States Constitution provides

that "[t]he judicial power of the United States shall not be construed to extend to any suit

in law or equity, commenced or prosecuted against one of the United States by citizens of

another state, or by citizens or subjects of any foreign state." The Amendment therefore

not only bars suits against a state by citizens of another state, but also bars suits against a

state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct.

1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842

(1890). The Eleventh Amendment also prohibits suit against state officials and

employees where the state is the real, substantial party in interest. *See Pennhurst State*

*School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79

L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay

funds directly from the state treasury for the wrongful acts of the state, then the state is

the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical*

*Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11ᵗʰ Cir. 1999). This suit is in reality a

suit against the State; thus, Officer Whitehead should be dismissed based on immunity.

In addition, Officer Whitehead is protected by qualified immunity. As stated by

the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials

and liability when their conduct in performing discretionary functions 'violates no clearly

established statutory or constitutional rights of which a reasonable person would have

known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11ᵗʰ Cir. 1998) (quoting *Lassiter*

7

*v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)).

*Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected

by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997)

(holding that wardens, deputy warden, and other prison officials were entitled to qualified

immunity).   The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging

deference in the adoption and execution of policies and practices that in their judgment

are needed to preserve internal order and discipline and to maintain institutional

security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct.

1861, 1878 (1979).   Officer Whitehead has not violated Plaintiff's clearly established

rights; thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and Officer Joseph Whitehead is

entitled to judgment as a matter of law.

WHEREFORE, Officer Joseph Whitehead respectfully requests that this

Honorable Court dismiss the claims against him.

> Respectfully submitted,
>
> TROY KING (KIN047)
> Attorney General
>
>
> s/ Benjamin H. Albritton
> Benjamin H. Albritton (ALB008)
> Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this the 31st day of July, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Courtney Boyd, AIS #208921
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36107

s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300