

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD (AIS #208921), | * |
| Plaintiff, | * |
| V. | 2:06-CV-511-WKW |
| DR. DARBOUZE, et al., | * |
| Defendants. | * |

### AFFIDAVIT OF JEAN DARBOUZE, M.D.

**BEFORE ME,** Grace M. Maloy, a notary public in and for said County and State, personally appeared **JEAN DARBOUZE, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Jean Darbouze. I am a medical doctor and am over twenty-one years of age. I have been a licensed physician in Alabama since 1996 and have been board certified in internal medicine since 1997. From February of 2000 through February of 2004, and again from April 16, 2004 through the present, have I served as the Medical Director for Easterling Correctional Facility in Clio, Alabama. Since November 3, 2003, and at all times relevant to this case, my employment as Easterling's Medical Director has been with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Courtney Boyd (AIS #208921) is an inmate who has been incarcerated at Easterling Correctional Facility since August 2005. I am familiar with Mr. Boyd and

have been involved with the medical services provided to him at Easterling. In addition, I have reviewed Mr. Boyd's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

Mr. Boyd was transferred to Easterling Correctional Facility on August 17, 2005. He had a back brace in his possession. I provided Mr. Boyd with initial evaluation five days later on August 22, 2005. A review of this inmate's medical history indicated that he has a history of making subjective complaints for lower back pain subsequent to being involved in a physical altercation in the year 2003.

Mr. Boyd's diagnostic evaluation showed that he was negative for any significant spinal condition. Specifically, Mr. Boyd was afforded a lumbar spine series on February 25, 2003, which was normal. No degenerative disease, malalignment or fracture was noted. On July 3, 2003, he was afforded an x-ray of the right ribs and chest, both of which were normal. On June 7, 2004, Mr. Boyd received a second lumbar series which was also negative for injury. Specifically, it was noted that Mr. Boyd's vertebral body heights and disc spaces were well maintained. There was no evidence of fracture or subluxation and no spondylolisthesis was detected. Mr. Boyd's pedicles were shown to be intact with normal alignment.

On April 13, 2005 (some four months prior to be transferred to Easterling) Mr. Boyd was afforded a third lumbar spine series which was negative for abnormality as well. Due to the existence of some artifact in the film, however, Mr. Boyd was afforded a fourth lumbar series on April 18, 2005, which showed no definite abnormality with motion artifact noted.

While these diagnostic films ordered for Mr. Boyd prior to becoming incarcerated at Easterling showed that he was negative for spinal injury, I gave him the benefit of the doubt and issued him a number of specialty profiles including a "bottom bunk profile," a "back brace profile," and an "insoles profile." I also prescribed him pain relieving medications including Motrin, Percogesic, Tylenol, Naproxen, and Flexeril. He has been prescribed Zantac, Mylanta and Tums in order to combat potential stomach irritation associated with these pain relieving medications. All of Mr. Boyd's medications have been adjusted as warranted by his changing condition.

On April 21, 2006, I ordered Mr. Boyd a fifth lumbar series, to access whether his condition had changed within the year. Again, this study showed no evidence of fracture or destructive bone disease and Mr. Boyd's spine was found to be properly aligned. Out of an abundance of caution, I ordered a cervical spine x-ray on May 9, 2006 that was negative for fracture or subluxation. These studies demonstrate that Mr. Boyd does not have cervical or lumbar spine disease.

Subsequent to receiving the results of these studies, I evaluated Mr. Boyd on June 2, 2006 and discontinued his specialty profiles which are not medically indicated for his treatment. During this evaluation, Mr. Boyd became verbally abusive and voluntarily relinquished his back brace--which, also, was not medically indicated. I have never retaliated against Mr. Boyd as he has alleged in his Complaint.

Based on my review of Mr. Boyd's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Boyd has been seen and evaluated by the medical or nursing staff, and has

been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling Correctional Facility.

At all times, myself and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Easterling Correctional Facility denied Mr. Boyd any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Mr. Boyd. At all times, Mr. Boyd's medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayeth not.

_____
JEAN BARBOUZE, M.D.

STATE OF ALABAMA     )
                     )
COUNTY OF Barbour    )

Sworn to and subscribed before me on this the 3rd day of August, 2006.

_____
Notary Public
MyCommissionExpires
03/31/07