IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| COURTNEY BOYD (AIS #208921), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | | 2:06-CV-511-WKW |
| | * | |
| DR. DARBOUZE, et al., | | |
| | * | |
| Defendants. | | |
| | * | |

**SPECIAL REPORT OF DEFENDANT SUSANNE BUSH, L.P.N.**

COMES NOW Defendant, Susanne Bush, L.P.N. (hereinafter referred to as "Nurse Bush" or "Defendant") and in response to this Honorable Court's Order presents the following Special Report with regard to this matter:

**I. INTRODUCTION**

The Plaintiff, Courtney Boyd (AIS# 208921) is an inmate currently confined at Easterling Correctional Facility located in Clio, Alabama. On June 8, 2006, Boyd filed a Complaint against Defendant PHS, the company that currently contracts with the Alabama Department of Corrections to provide healthcare to inmates at Easterling; Jean Darbouze, M.D., Easterling's Medical Director' and Kay Wilson, R.N., H.S.A., Easterling's Health Services Administrator, alleging that these Defendants failed (1) to treat him appropriately for an alleged spinal condition, (2) to provide him with appropriate specialty profiles and (3) to refer him for specialty evaluation for his alleged condition. (See Compl.).

On June 16, 2006, the Plaintiff amended his Complaint to state allegations against Cynthia Wambles, R.N., a registered nurse at Easterling. (See Amended Compl.). Plaintiff

alleges that Nurse Wambles also violated his constitutional rights by denying him appropriate medical evaluation and/or treatment. (See Amended Compl.).

On April, 4, 2007, Plaintiff amended his Complaint a second time attempting to substitute Defendant Susanne Bush, L.P.N. (a licensed practical nurse at Easterling) for a "Jane Doe" Defendant named in his original June 8, 2006 Complaint. (See Motion to Identify Jane Doe in Original Compl.). Mr. Boyd also attempted, via amendment, to add claims against Nurse Bush for alleged incidents occurring in March, 2007. (Id.) The Court allowed the Plaintiff to substitute Nurse Bush for a "Jane Doe" Defendant, but refused to allow Plaintiff to maintain any claims against Nurse Bush for allegations arising in March, 2007. (See Order on Motion dated April 15, 2007). As such, Nurse Bush now responds, per Order, to those claims originally asserted by Mr. Boyd against his "Jane Doe" Defendant as alleged within his original Complaint of June 8, 2006. (Id.)

In his original Complaint, Plaintiff alleges that Nurse Bush ("Jane Doe") failed to provide him with appropriate nursing evaluation and treatment on June 2, 2006 for a back condition. (See Compl.). Plaintiff also claims that Nurse Bush played some role in Dr. Darbouze's decision to discontinue certain specialty profiles. (Id.) Plaintiff has not specifically allocated a demand for monetary damages against Nurse Bush, but demands $220,000.00 generally for emotional damages and "stress damages." (Id.)

As directed, Nurse Bush has undertaken a review of Plaintiff Boyd's claims to determine the facts and circumstances relevant thereto. At this time, the Defendant is submitting this Special Report, which is supported by a Certified Copy of Plaintiff Boyd's medical records (attached as Exhibit "A" to the Special Report of PHS, Jean Darbouze, M.D. and Kay Wilson, R.N., H.S.A.) and the Affidavit of Susanne Bush, L.P.N. (attached hereto as Exhibit "B"). These

evidentiary materials demonstrate that Plaintiff Boyd has been provided appropriate medical treatment for his complaints at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

At all pertinent times, Courtney Boyd (AIS# 208921) has been incarcerated as an inmate at Easterling Correctional Facility. (See Ex. "B"). Mr. Boyd has made an allegation against Nurse Bush that she failed to provide him with appropriate medical treatment and/or nursing evaluation for complaints of back pain on or about June 2, 2006. (See Compl.). Mr. Boyd further complains that Nurse Bush played some role in having his specialty profiles discontinued by Dr. Darbouze in June 2006. (Id.) The Plaintiff's allegations are simply unfounded. (See Ex. "B"). Nurse Bush has acted appropriately in treating and evaluating this inmate at all times. (Id.)

Contrary to Plaintiff's assertions, Nurse Bush did not provide Mr. Boyd with nursing evaluation on June 2, 2006. (Id.) A review of Mr. Boyd's medical records indicates, however, that Nurse Bush did evaluate Mr. Boyd on May 28, 2006 subsequent to him submitting a sick call request to see Dr. Darbouze for a "no prolonged standing" profile and for a complaint that his extremities had "gone out." (Id.)

Nurse Bush evaluated Mr. Boyd at 1:30 p.m. on May 28, 2006 and Nurse Bush noted that he had a subjective complaint for wanting to get specialty profiles renewed and a subjective history of lower back pain. (Id.) Upon examination, Nurse Bush determined that he ambulated to the health care unit with a steady gait. (Id.) He was alert and oriented times three with normal respirations and pulse. (Id.) There was no visible distress noted. (Id.)

Subsequent to providing Mr. Boyd with an examination, Nurse Bush referred him for a physician evaluation on June 2, 2006. (Id.) Contrary to Mr. Boyd's assertions, Nurse Bush did not provide Mr. Boyd with any nursing evaluation during the month of June 2006. (Id.)

All of Mr. Boyd' medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. (Id.) Mr. Boyd has been seen and evaluated by the medical or nursing staff, and he has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling Correctional Facility. (Id.)

At all times, Nurse Bush has exercised the same degree of care, skill, and diligence another similarly situated health care provider would have exercised under the same or similar circumstances. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At no time has Nurse Bush denied Mr. Boyd any needed medical treatment, nor has she ever acted with deliberate indifference to any serious medical need of Mr. Boyd. (Id.) At all times, Mr. Boyd's medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Defendant asserts the following defenses to the Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4. The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. The Defendant pleads the defense of qualified immunity and avers that the actions taken by the Defendant were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8. The Defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Defendant sued in her individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The Defendant avers that she was at all times acting under color of state law and, therefore, she is entitled to substantive immunity under the law of the State of Alabama.

13. The Defendant pleads the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to

mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. The Defendant pleads the defense that at all times in treating Plaintiff she exercised the same degree of care, skill, and diligence as other nursing staff would have exercised under similar circumstances and that at no time did she act toward the Plaintiff with deliberate indifference to a serious medical need.

18. The Defendant pleads the affirmative defense that the Plaintiff's Complaint, or amended Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20. The Defendant pleads the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The Defendant pleads the affirmative defense that she is not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

24. The Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.     The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award this Defendant reasonable attorney's fees and costs incurred in the defense of this case.

31.     The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. ARGUMENT

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Boyd's medical records reveals that Boyd has been given appropriate medical treatment at all times. (See Ex. "A" & "B"). All of the allegations contained within Boyd's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Boyd's claims against the Defendant are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Boyd must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Boyd must allege and prove that he suffered from a serious medical need, that the Defendant was deliberately indifferent to his needs, and that he suffered harm due to

deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendant may only be liable if she had knowledge of Boyd's medical condition, Hill, 40 F.3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Boyd cannot carry his burden. The evidence submitted with this Special Report clearly shows that Nurse Bush did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. (See Ex. "B"). The evidence demonstrates, to the contrary, that appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that the Defendant acted intentionally or recklessly to deny treatment or care.

The Defendant is further entitled to qualified immunity from all claims asserted by Boyd in this action. There is no argument that the Defendant was not acting within the scope of her

discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendant has demonstrated that she was acting within the scope of her discretionary authority, the burden shifts to Boyd to show that the Defendant violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendant's actions can be said to have violated clearly established constitutional rights, Boyd must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2006 gave the Defendant fair warning that her alleged treatment of Boyd was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Boyd must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendant to the fact that her practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates

federal law in the circumstances." <u>Lassiter v. Alabama A & M Univ., Bd. of Trustees</u>, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Boyd's constitutional rights. All of Boyd's medical needs have been addressed or treated. (<u>See</u> Ex. "A" & "B"). The Defendant has provided Boyd with appropriate nursing care at all times and he has received appropriate care as indicated for treatment of his condition.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. The Defendant has demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, and that she is, therefore, entitled to a judgment in her favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

Accordingly, the Defendant requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment and that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in her favor.

                                            Respectfully submitted,

                                            *s/ L. Peyton Chapman, III*
                                            *s/ R. Brett Garrett*
                                            L. Peyton Chapman, III (CHA060)
                                            R. Brett Garrett (GAR085)
                                            Attorneys for Defendant Susanne Bush, L.P.N.

          RUSHTON, STAKELY, JOHNSTON &
          GARRETT, P.A.
          Post Office Box 270
          Montgomery, Alabama  36101-0270
          Telephone: (334) 206-3138
          Fax: (334) 481-0808
          E-mail: bg@rsjg.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the **10th** day of **May, 2007**, to:

Courtney Boyd (AIS# 208921)
EASTERLING CORRECTIONAL FACILITY
P.O. Box 120
Clio, Alabama 36017

          *s/ R. Brett Garrett*
          R. Brett Garrett GAR085
          Attorney for Defendant Susanne Bush,
          L.P.N.