***** MMPI-2 ADULT INTERPRETIVE SYSTEM *****

developed by

Roger L. Greene, Ph.D.
Robert C. Brown, Jr., Ph.D.
and PAR Staff

-- CLIENT INFORMATION --

| | | | |
|---|---|---|---|
| Client | : Boyd, Courtney J. | Age | : 18 |
| Sex | : Male | Marital Status : | |
| Education | : | Date of Birth | : 12/11/1981 |
| File Name | : 208921 | | |

Prepared for: Kilby Correctional Facility on 03/21/2000

--------------------------

The interpretive information contained in this report should be viewed as only one source of hypotheses about the individual being evaluated. No decisions should be based solely on the information contained in this report. This material should be integrated with all other sources of information in reaching professional decisions about this individual. This report is confidential and intended for use by qualified professionals only. It should not be released to the individual being evaluated.

*Exhibit A*

ADC 1447

Copyright (c) 1990 by Psychological Assessment Resources, Inc. All rights reserved.

MMPI-2 is a registered trademark of the University of Minnesota.

PI-2 INTERPRETIVE REPORT                                          PAGE   4
EPARED FOR: Kilby Correctional Facility

## -- CONFIGURAL VALIDITY SCALE INTERPRETATION --

This validity scale configuration is usually obtained by individuals who are naive and unsophisticated, but are trying to underreport psychopathology. Individuals who obtain this configuration usually have limited education and come from lower socioeconomic classes. Elevations on Scales 1, 2, and 3 are to be expected. These individuals are usually poor candidates for psychological interventions.

This configural interpretation should be the primary source of interpretive hypotheses for the L, F, and K validity scales. Individual validity scale hypotheses, however, are also presented in the following section.

## -- VALIDITY SCALES --

*Invalid Profile*

? (raw) = 197

This profile is very likely invalid and probably should not be interpreted because the number of unanswered items is greater than 30.

L      T = 65

L scores in this range are suggestive of individuals who may be defensive, lack insight, and be slightly more conforming and moralistic than usual. They may have a tendency to repress or deny problems and unfavorable traits.

F      T = 64

F scores in this range are considered to be moderately elevated and suggest the possibility of significant psychological and emotional problems. Individuals who obtain scores in this range are likely to be described as moody, changeable, dissatisfied, opinionated, restless, unstable, and self-critical.

K      T = 41

Scores in this range indicate limited personal resources and open acknowledgment of significant psychological distress. These individuals are likely to have a relatively poor self-concept, to be strongly dissatisfied with themselves but lacking the skills necessary to change their situation, to be self-critical, and/or to be extremely open and revealing. Scores in this range may also reflect low ego strength, a lack of insight into one's self-motivation and behavior, and ineffectiveness in dealing with the problems of daily life. Prognosis for psychological intervention is usually guarded.

*Exhibit A*

ADC 1450

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

ENTERED

04 APR 29 AM 8:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| COURTNEY BOYD, | ) | |
| | ) | APR 29 2004 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 03-TMP-1780-W |
| | ) | |
| DONAL CAMPBELL, Commissioner, | ) | |
| Alabama Dept of Corrections, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Courtney Boyd, has requested that the Court appoint an attorney to represent him in the action presently before this Court. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Further, the United States Supreme Court has held that an attorney may not be compelled to accept appointment in a case filed pursuant to 42 U.S.C. § 1983. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989).

Plaintiff states in his Motion for Appointment of Counsel that he is not capable of representing himself. In support thereof, plaintiff points to a March 10, 2004, disciplinary report in which the hearing officer determined plaintiff was not capable of representing himself at a disciplinary hearing. (Document #21, at 5). Plaintiff does not explain why he is incapable of representing himself, or why the hearing officer found him incapable of representing himself at the hearing. A review of the record shows that plaintiff has clearly been able to file and maintain this action thus far. Plaintiff's Motion for Appointment of Counsel (Document #21) is DENIED at this

*Exhibit B*

23

Courtney Boyd #207421 13-1-13
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

United State District Court
P.O. Box 711
Montgomery, AL
36101

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Department
of Corrections is not responsible for the substance
or content of the enclosed communication."