IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DR. DARBOUZE, *et al.*, )<br>)<br>    Defendants. ) | CIV. ACTION NO. 2:06cv511-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Courtney Boyd ("Boyd"), a state prisoner, claims his civil rights were violated during his imprisonment in the Easterling Correctional Facility. He names as defendants Prison Health Services, Dr. Jean Darbouze, and Nurses Kay Wilson, Cynthia Wambles, and Susanne Bush. Specifically, Boyd contends that the defendants acted with deliberate indifference to his health by failing to provide him adequate medical treatment for his back condition. Boyd also asserts that the defendants retaliated against him for filing a lawsuit and/or grievances against healthcare officials by refusing to return his back brace, issue him profiles, or send him to a free-world specialist.

The defendants filed written reports and supporting evidentiary materials addressing Boyd's claims for relief. (Doc. Nos. 28, 86.) The court deems it appropriate to treat these responsive pleadings as a motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the responses in opposition filed by Boyd, the court concludes that the defendants' motion for summary judgment should be granted.

## II. DISCUSSION

In their reports, the defendants assert that the claims against them are due to be dismissed because Boyd has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Specifically, the defendants maintain and the undisputed evidentiary material demonstrates that Boyd has failed to exhaust the administrative remedies available to him through the medical defendants' grievance procedure. (Doc. No. 28, p. 9; Doc. No. 86, p. 7).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). *See also Booth*,

532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the plaintiff is required by the PLRA to *properly* exhaust his claims. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id*. at 2386. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384. *See also Johnson v. Meadows*, 418 F.3d 1152 (11th Cir. 2005).

It is undisputed that Prison Health Services has a grievance procedure. First, an inmate may submit a written inmate grievance form to Prison Health Services. Thereafter, a Prison Health Services Department Head reviews the grievance and provides a response to the inmate. An inmate who "wish[es] to appeal this review . . . may request a form from the Health Services Administrator [and] [r]eturn the completed form to the attention of the Health Service Administrator . . . in the sick call request box or [by] giv[ing] it to the segregation sick call nurse on rounds." (Attach. to Doc. No. 35.) The undisputed evidentiary materials demonstrate that Boyd failed to appeal any grievance challenging the actions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy. *See Jones*, ___ U.S. at ___, 127 S.Ct. at 923; *Woodford*, 548 U.S. at ___, 126 S.Ct. at 2383; *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at

739. Consequently, the defendants' motion for summary judgment with respect to the plaintiff's claim that the defendants retaliated against him and acted with deliberate indifference to his health should be granted and this case should be dismissed without prejudice.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED. (Doc. Nos. 28, 86.)

2. This case be dismissed without prejudice.

3. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before February 20, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of February, 2008.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE