IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COURTNEY BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-511-WKW |
| | ) | (WO) |
| DR. DARBOUZE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is currently before the court on Plaintiff's Motion to Arrest the Judgment Entered on March 18, 2008 and Notice of Appeal (Doc. # 132). The court previously entered judgment against Plaintiff Courtney Boyd ("Boyd"). The court found that Boyd's retaliation claim was due to be dismissed for failure to exhaust administrative remedies. In the present motion, Boyd claims that he exhausted administrative remedies as to his retaliation claim because he sent a letter to Prison Health Services alleging retaliation.

While Boyd styles his motion as one to arrest judgment,[1] he states that he brings the motion pursuant to Federal Rule of Civil Procedure 59(e). The court thus reviews the Plaintiff's motion as a Motion to Alter or Amend a Judgment. "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir .2006). "The only grounds for granting a Rule 59

---

[1] A motion for arrest of judgment is a criminal procedure mechanism. *See* Fed. R. Crim. P. 34.

motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

For the first time, Boyd presents evidence in this motion that he has exhausted administrative remedies with regard to his to his retaliation claim. His evidence is a copy of a letter he sent to Prison Health Services on July 20, 2006. Boyd could have presented this letter before the court entered final judgment. Because there is no reason for the delay in presenting evidence, the motion to amend or alter is due to be denied.

Even if the court considered the merits of Boyd's motion, the motion is due to be denied. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner can seek relief in federal court. 42 U.S.C. § 1997e(a). Prisons are also required to *properly* exhaust administrative claims. *Woodford v. Ngo*, 548 U.S. 81, 128 S.Ct. 2378, 2387 (2006). "[A] prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id.* at 2386.

Prison Health Services has a grievance procedure. An inmate submits a written inmate grievance form to Prison Health Services, and a Prison Health Services department head reviews the grievance and provides a response. An inmate can appeal this review by "request[ing] a form from the Health Services Administration [and] [r]eturn[ing] the complete form to the attention of the Health Service Administrator . . . in the sick call request box or [by] giv[ing] it to the segregation sick call nurse on rounds." (Doc. # 35.) Boyd has presented a letter as evidence but has not shown that he complied with Prison Health Services's procedural requirement by completing the appropriate forms. Because a prisoner must follow the applicable procedural rules, the court finds that Boyd has not shown that he exhausted his administrative remedies.

It is ORDERED that Plaintiff's Motion to Arrest the Judgment Entered on March 18, 2008 (Doc. # 132), which the court construes as a motion to alter or amend judgment, is DENIED.

DONE this 14th day of May, 2008.

/s/  W. Keith Watkins
UNITED STATES DISTRICT JUDGE